UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LEROY MITCHELL, JR.                                                                          PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 1:01CV449-LG-RHW

CITY OF GULFPORT, et al                                                                  DEFENDANTS

### ORDER DENYING MOTIONS TO STRIKE

Before the Court are Defendants Motions [173] to Strike Supplemental Answers to Discovery of the Plaintiff as to Witness Matt Dixon and [174] to Strike Experts of Plaintiff. This case originally was set for trial on September 12, 2005. As a result of Hurricane Katrina, the trial was unable to go forward at that time. The Court recently re-set the trial to begin on May 15, 2006. There remain these two motions relating to witnesses who are expected to testify at trial.

**Witness Matt Dixon**

Defendants argue that the designation of Matt Dixon as a witness was untimely, as it occurred beyond the discovery deadline and just on the eve of trial. Defendants also argue that Dixon's testimony relates to a theory of damages that was not alleged in Plaintiff's responses to interrogatories. In response to Interrogatories 7 and 10, Plaintiff indicated that there were no damages for lost wages or loss of wage earning capacity. The only damages itemized were those relating to medical bills. Although Plaintiff argues that the interrogatories were limited to requests for past lost wages, Interrogatory 7 clearly requests a full accounting of all losses, including "loss of earning or earning capacity."

The discovery deadline in this case was April 8, 2005. On August 3, 2005, Plaintiff amended his response to state that Matt Dixon would be called as a lay/fact witness to

>testify to the number of times the Plaintiff, Leroy Mitchell, was offered the opportunity to be promoted to lieutenant but failed to do so because of his inability to become O.C. qualified. He will also testify as to the difference in pay grade from Sergeant to lieutenant.

Defendants argue that the designation of Matt Dixon as a witness should be stricken because he will testify as to damages that were not asserted in response to interrogatories. They further argue that Dixon will testify to subjects for which he is not qualified as an expert.

The Court finds that the designation of Matt Dixon as a lay/fact witness should not be stricken. One of Defendants' chief complaints, the proximity to trial, has been removed by virtue of the trial re-setting to May 15, 2006. Defendants will have adequate time to depose Dixon and to develop evidence to rebut any of Dixon's assertions. However, insofar as any of Dixon's specific testimony is relevant to lost wages or requires an expert opinion, this ruling does not limit Defendants from objecting to that testimony based on the fact that Plaintiff has not alleged any lost wages or earning capacity in his responses to interrogatories.

**Expert Witnesses**

Defendants argue that Plaintiffs experts, Mehmood Mehdi, M.D.; Randy T. Warner, M.D.; and Lisa Phelps, counselor, should be stricken because the expert designations failed to conform with Fed. R. Civ. P. 26 and the Local Rules. Specifically, Plaintiff failed to submit a signed written report along with the other requirements of Rule 26(a)(2)(B). Plaintiff counters that these experts are all treating physicians; therefore, they were not required to submit a signed written report as part of the expert designation.

The Court finds that Plaintiff's expert designations should not be stricken, at least insofar as the experts will be testifying as treating physicians for the Plaintiff. The requirements of Rule

2

26(a)(2)(B) do not apply to witnesses who are not specially employed to provide expert testimony.  *See Hamburger v. State Farm Mutual Auto Ins. Co.*, 361 F.3d 875, 882 & n.4 (5th Cir. 2004).  However, the expert testimony is limited in scope to the opinions contained in written expert reports or in the physicians' office records.  *See Hamburger*, 361 F.3d at 883 (explaining that if physician's proposed opinion testimony extends beyond care or treatment, treating physician must submit expert report); *Robbins v. Ryan's Family Steak Houses, East, Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. 2004) (limiting treating physician's testimony to office records where no expert report was provided).  Thus, this Court's ruling does not limit Defendants from objecting at trial to the scope of the expert witnesses' testimony based on the failure to provide a written report pursuant to Rule 26(a)(2)(B).

     IT IS THEREFORE ORDERED that Defendants' Motions [173,174] to Strike are DENIED.

     SO ORDERED, this the 18th day of November, 2005.

                                      s/ *Robert H. Walker*
                                      UNITED STATES MAGISTRATE JUDGE